In the Matter of the Estate of RAYMOND P. WIRTH, Deceased. DREXEL UNIVERSITY, Appellant; RAYMOND P. WIRTH, JR., et al., Respondents. [789 NYS2d 69]—

In a proceeding, inter alia, to enforce a pledge agreement executed by the decedent, Raymond P. Wirth, the petitioner appeals, as limited by its brief, from so much of a decree of the Surrogate's Court, Nassau County (Riordan, J.), dated January 31, 2003, as denied its motion for summary judgment and, upon searching the record, granted summary judgment dismissing the petition, and dismissed the petition.

Ordered that the decree is reversed insofar as appealed from, on the law, with costs, the petition is reinstated, and the motion is granted.

The petitioner, Drexel University (hereinafter Drexel), commenced this proceeding, inter alia, to enforce a pledge agreement executed by Raymond P. Wirth (hereinafter the decedent) less than two months before his death. The pledge agreement stated, inter alia, that in consideration of the decedent's interest in education, and "intending to be legally bound," the decedent "irrevocably pledge[d] and promise[d] to pay" Drexel the sum of $150,000. The parties agree that Pennsylvania law controls the interpretation of the alleged agreement.

Pursuant to Pennsylvania's Uniform Written Obligations Act, 33 Pa Stat Ann § 6: "A written release or promise, hereafter made and signed by the person releasing or promising, shall not be invalid or unenforceable for lack of consideration, if the writing also contains an additional express statement, in any form of language, that the signer intends to be legally bound."

Pursuant to this statute, the pledge agreement does not fail for lack of consideration, as the decedent expressly stated his intent to be legally bound by his pledge.

Moreover, even if we were to determine that the decedent, as promisor, anticipated consideration in return for his promise, there was no "failure of consideration" (see Meek v Frantz, 171 Pa 632, 638, 33 A 413 [1895]; cf. Williams v Katawczik, 53 Pa D & C 4th 558, 567 [2001]). The pledge agreement, which also was executed by representatives of Drexel, provided that the pledged sum "shall be used by" Drexel to create an endowed scholarship fund in the decedent's name, "per the terms of the attached Letter of Understanding." The letter of understanding,

which also was executed by the decedent and representatives of Drexel, provided, inter alia, that the scholarship fund would become effective immediately upon the transfer of the initial $50,000, which was to take place on or before December 31, 2000. The pledge agreement further stated: "I acknowledge that [Drexel's] promise to use the amount pledged by me shall constitute full and adequate consideration for this pledge."

In our view, pursuant to the terms of the pledge greement, Drexel provided sufficient consideration by expressly accepting the terms of the pledge agreement and by promising to establish the scholarship fund in the decedent's name (see *Presbyterian Bd. of Foreign Missions v Smith,* 209 Pa 361, 58 A 689 [1904]; cf. *In re Helfenstein's Estate,* 77 Pa 328 [1875]). The fact that the decedent died before the initial gift was transferred into a special account set up by Drexel, and therefore the scholarship fund was not yet implemented, did not negate the sufficiency of the promise as consideration to set up the fund. We disagree with our dissenting colleagues' position that the promise by the decedent was "merely an unenforceable promise to pay money in the future." (*Infra* at 575.)

We further note that Drexel, in support of its motion for summary judgment, made a prima facie showing that the decedent was not coerced into signing the pledge documents and was not mentally impaired. In opposition, the respondent failed to submit evidence in admissible form to rebut the prima facie showing (see *Zuckerman v City of New York,* 49 NY2d 557, 562-563 [1980]). Accordingly, Drexel's motion for summary judgment is granted.

The respondent's remaining contentions either are without merit or unpreserved for appellate review. Schmidt, Crane and Rivera, JJ., concur.

Florio, J.P., and Smith, J., dissent and vote to affirm the decree insofar as appealed from with the following memorandum: As we differ from the majority's view of the Pennsylvania law which controls this case, we would affirm the decree of the Surrogate's Court insofar as appealed from. Drexel seeks, inter alia, to enforce a pledge agreement allegedly executed by the decedent prior to his death, in which the decedent promised to pay Drexel the sum of $150,000. He had not paid the money prior to his demise, and Drexel commenced this proceeding to enforce the claim against the estate. The parties correctly agree that Pennsylvania law controls the interpretation of the alleged agreement. Despite the statute of frauds (33 Pa Stat Ann § 6), under Pennsylvania law a charitable promise to pay money in the future is not enforceable unless there is consideration for

the promise (*see In re Brooks' Estate,* 40 Pa D & C 2d 491 [1966]; *In re Helfenstein's Estate,* 77 Pa 328, 331 [1875]; 8 Pa Law Encyclopedia, Charities §§ 61-63 [2d ed]). In a charitable gift case, consideration is defined either as some type of detrimental reliance upon the promise by the promisee, or other donors who were induced to donate based on this promise (*see* 8 Pa Law Encyclopedia, Charities § 62 [2d ed]; *see also University of Pennsylvania's Trustees v Cadwalader,* 277 Pa 512, 516, 121 A 314 [1923]; *Presbyterian Bd. of Foreign Missions v Smith,* 209 Pa 361, 58 A 689 [1904]; *In re Pink's Estate,* 71 Pa D & C 2d 667, 671 [1975]; *In re Rebmann's Estate,* 43 Pa D & C 2d 549, 552-553 [1967]). As the decedent died before the initial gift was transferred to Drexel, and before any acts were done by Drexel in reliance on the promise, the promise was merely an unenforceable promise to pay money in the future.

Drexel, the proponent of the motion for summary judgment, bore the initial burden of establishing its entitlement to a claim against the estate (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]), which required that it demonstrate that there was consideration for the decedent's promise to pay the money (*see In re Brooks' Estate, supra; In re Helfenstein's Estate, supra*). When Drexel failed to meet this burden, the Surrogate's Court properly denied its motion. Furthermore, as the estate was entitled to judgment as a matter of law, this finding also permitted the Surrogate's Court to search the record and grant summary judgment dismissing the petition in favor of the estate (*see* CPLR 3212 [b]).